## Case No. 13,188a.

SOUTHERN PAC. R. CO. v. ORTON.

[See 32 Fed. 457.]

SOUTHERN PULLMAN PALACE CAR CO. (BLUM v.). See Case No. 1,574.

SOUTHFIELD (BULL v.). See Case No. 2,-120.

## Case No. 13,189.

SOUTH FORK CANAL CO. v. GORDON.

[2 Abb. U. S. 479;[1] 8 Am. Law Reg. (N. S.) 279.]

Circuit Court, D. California. Oct., 1868.

APPEAL—REVERSAL OF JUDGMENT—RIGHTS OF PURCHASER.

1. The mandate of the supreme court, upon a writ of error or appeal, must be promptly and implicitly enforced by the court below, except so far as the enforcement may be modified or restrained by events occurring subsequent to the period covered by the record in the supreme court.

[Cited in The Sabine, 50 Fed. 217.]

2. Such events may often modify the manner of enforcing the mandate.

[Cited in The Sabine, 50 Fed. 217.]

3. If, pending a writ of error or appeal, no stay of proceedings having been obtained, proceedings are taken to enforce the judgment, and property of the defendant is sold under them, the purchaser acquires a good title.

[Cited, but not followed, in Robinson v. Alabama & G. Manuf'g Co., 67 Fed. 193.]

4. This rule is not a measure of protection afforded to strangers bidding at judicial sales only, but extends to the parties or their privies. It rests upon the principle that a judgment of a court having jurisdiction is, however erroneous, efficacious until reversed.

5. The rule governing the restoration, after reversal, is this: that the party unsuccessful in the court below is to be restored by reversal to all things which he lost by the erroneous judgment or decree, if the title to them has not passed by the previous enforcement of the judgment or decree; and if it has, he is, in such case, to have a right of action for a money equivalent.

[Cited in Hays v. Griffith, 85 Ky. 381, 3 S. W. 431, and 11 S. W. 306; Kessel v. Zeiser, 102 N. Y. 119, 6 N. E. 574; Smith v. Zent, 83 Ind. 87; Thompson v. Reasoner, 122 Ind. 457, 24 N. E. 223.]

6. In an action in the circuit court, brought to foreclose a lien upon a canal for labor and materials furnished in constructing it, the court, having jurisdiction of the parties and the subject matter, passed upon the amount of the indebtedness of the South Fork Canal Company to the complainant; upon the existence of the lien asserted, and its extent, and adjudged that the lien extended to the entire flume and canal; and it decreed the sale of the property in case payment of the complainant's demand was not made by a day designated. The payment was not made, and the sale took place, the master following, in all particulars, the direction of the decree. His report of his proceedings was not excepted to, and was confirmed. The complainant was mentioned in the decree as a possible bidder, and provision made

1 [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

for crediting his bid on the amount adjudged due to him. The master reported that H., the assignee of the complainant, became the purchaser, and when the report was confirmed, the master was directed to execute to him a deed of the property. *Held*, that the purchaser acquired a title to the premises which could not be divested by a reversal, in the supreme court, of the judgment; although such reversal proceeded upon the ground that the lien established by the complainant extended to a portion of the canal only, and that the judgment was erroneous in directing the whole to be sold.

Motion for entry of a decree to carry into effect the mandate of the supreme court upon an appeal.

This suit was in the nature of a bill in equity by George Gordon against the South Fork Canal Company, and others, to enforce a lien, claimed under the statutes of California, for labor and materials furnished by the complainant in the construction of that portion of the company's canal which extended from section seventeen to section twenty-five inclusive; a distance of about nine miles. On March 16, 1853, the complainant and one Kinyon contracted with the South Fork Canal Company, for the construction of the canal proposed by the company. By the agreement the work was to be completed by July 1, 1853; and it was promptly commenced by the contractors. The contract called for monthly estimates and payments. The first installment was paid by the company but they were unable to pay those which afterwards accrued. By this failure the contractors were rendered unable to pay hands, and were compelled to abandon the work. They thereupon filed a notice, pursuant to a statute of the state of California, claiming a lien upon the canal for the sum of one hundred and six thousand four hundred and eighteen dollars, then due for their labor and materials; and afterwards filed a similar notice claiming a further lien. To enforce this lien, the present suit was brought, Kinyon having released his right. The defendants demurred to the bill, as originally filed; and the demurrer was sustained, for want of proper averments to give jurisdiction. The bill being amended in that respect, a plea was interposed contesting the validity of the lien claimed by the complainant; and this issue, having been argued before McAllister, Circuit Judge, was determined in favor of the complainant. His opinion is reported, Gordon v. South Fork Canal Co. [Case No. 5,621].

The cause was afterwards brought to hearing upon pleadings and proofs, when an interlocutory decree was rendered at October term, 1864, by which it was adjudged that the demand of the complainant for the work performed and materials furnished in the construction of the canal of the defendants, from section seventeen of the canal to section twenty-five inclusive, under the contract of March 16, 1853, was, to the extent of reasonable value, a lien upon the portion of the canal constructed paramount to all other liens set forth in the pleadings; and it was referred